*E-Filed 11/24/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLES HARDEN BROOKS, | No. C 13-4886 RS (PR) |
| Petitioner, | **ORDER ALLOWING PETITIONER TO FILE A SUR-REPLY TO RESPONDENT'S REPLY** |
| v. | |
| KEVIN R. CHAPPELL, Warden, | |
| Respondent. | |

**INTRODUCTION**

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from the revocation of his parole in 2011. Respondent moves to dismiss the petition as untimely. (Docket No. 4.) Petitioner filed an opposition, and respondent filed a reply. In the reply, respondent contends for the first time that the petition is now moot. Because this issue was not raised in the motion to dismiss, petitioner could not have responded to it in his opposition. In order to allow petitioner to respond to this new argument, the Court will allow petitioner to file a sur-reply on or before January 10, 2015. **No extensions of time will be granted.** Respondent's response, if any, shall be filed on or before February 1, 2015.

## BACKGROUND

In 1992, petitioner was convicted of second degree murder, and was sentenced to 15 years-to-life in state prison. (Mot. to Dismiss ("MTD"), Ex. 3 at 2.) He was paroled in 2009. His parole was revoked in 2010, he was released in 2011, but parole was revoked later in 2011 for testing positive for cocaine use. (*Id.*) It is that 2011 parole revocation petitioner now challenges.

## DISCUSSION

Respondent contends that because petitioner has served the full sentence imposed as a result of his 2011 parole revocation, and was released following the expiration of that term, the petition is now moot. (Reply to Pl.'s Opp. ("Opp.") to MTD at 5.) Petitioner admits that he was released on parole after the 2011 revocation. (Opp. to MTD at 13.)

Unlike criminal convictions, no collateral consequences attend a prisoner's incarceration imposed for violation of parole after the sentence for the parole violation has been served. *See Spencer v. Kemna*, 523 U.S. 1, 14–16 (1998). In *Spencer*, the prisoner's petition was deemed moot because he had served the term of incarceration resulting from his parole revocation. *See id.* at 18. There was, therefore, no "case or controversy" to establish Article III standing. *See id.* at 14. If there is no case or controversy, the Court lacks authority to hear the legal action, which must be dismissed.

Under these legal principles, the instant petition may well be moot. As discussed above, petitioner will be allowed to respond to this new argument by way of a sur-reply.

## CONCLUSION

Petitioner shall file his response to the mootness contention on or before January 10, 2015. **No extensions of time will be granted.** Respondent's response, if any, shall be filed on or before February 1, 2015.

**IT IS SO ORDERED**.

DATED: November 24, 2014

RICHARD SEEBORG
United States District Judge

2