United States District Court
For the Northern District of California

*E-Filed 2/10/15*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

CHARLES HARDEN BROOKS,

Petitioner,

v.

KEVIN R. CHAPPELL, Warden,

Respondent.
____________________________________/

No. C 13-4886 RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Petitioner, a former state prisoner proceeding pro se, seeks federal habeas relief under 28 U.S.C. § 2254 from the state's revocation of his parole in 2011. Respondent moves to dismiss the petition on grounds that the petition is moot. (Docket No. 4.) For the reasons set forth below, respondent's motion is GRANTED and the petition is DISMISSED.

## BACKGROUND

In 1992, a San Francisco County Superior Court jury convicted petitioner of second degree murder, and sentenced him to 15 years-to-life in state prison. (Mot. to Dismiss ("MTD"), Ex. 3 at 2; Pet. at 2.) He was paroled in 2009. His parole was revoked in 2010. He was released in 2011, but parole was revoked later in 2011 because he tested positive for

cocaine use. (MTD at 2.) Petitioner challenges his 2011 parole revocation, from which he was released in June 2014.

**DISCUSSION**

Respondent contends that the petition is moot because petitioner has served the full sentence imposed as a result of his 2011 parole revocation, and was released following the expiration of that term. (Reply to Pl.'s Opp. ("Opp.") to MTD at 5.) Petitioner admits that since filing this petition, he was released from parole in 2014. (Opp. to MTD at 13.)

Unlike criminal convictions, no collateral consequences attend a prisoner's incarceration imposed for violation of parole after the sentence for the parole violation has been served. *See Spencer v. Kemna*, 523 U.S. 1, 14–16 (1998). In *Spencer*, the prisoner's petition was deemed moot because he had served the term of incarceration resulting from his parole revocation. *See id.* at 18. There was, therefore, no "case or controversy" to establish Article III standing. *See id.* at 14.

Under these legal principles, the instant petition is moot, and must be dismissed. As in *Spencer*, petitioner has served the term of incarceration resulting from his parole revocation, and no collateral consequences attend. Having been released from incarceration, "establishing the invalidity of his disciplinary proceeding . . . would have no effect" on the parole revocation term he has served already. *Nonnette v. Small, et al.*, 316 F.3d 872, 876 (9th Cir. 2002). Furthermore, claims of detriment in a future parole or sentencing proceeding, impeachment in a future criminal or civil proceeding, or use against him should he appear as a defendant in a future criminal proceeding do not constitute sufficient proof of collateral consequences. *See Spencer*, 523 U.S. at 14–16.

Petitioner, however, insists that the petition is not moot because a favorable result will affect his eligibility for being discharged from parole. A former life-prisoner, like petitioner, who faces a lifetime parole period, is subject to discharge from parole if he is on parole for five continuous years. *See* Cal. Penal Code § 3000.1(b). According to petitioner, if this Court found the 2011 revocation invalid, the five-year clock would have started in 2011,

when he was paroled after his first revocation, rather than in 2014.

Habeas relief cannot be granted on such a claim because the clear terms of section 3000.1(b) would not allow for the relief he seeks. In its analysis of that penal code, the state appellate court determined that "the five-year parole discharge eligibility requirement cannot be satisfied in whole or in part by time spent in prison prior to release from confinement to parole." *In re Chaudhary*, 172 Cal.App.4th 32, 37 (Cal. Ct. App. 2009). The five-year requirement "is expressly limited to the period of time *after* the parolee 'has been released' and requires that the parolee serve five continuous years on parole 'since the parolee's release from confinement.'" (*Id.*) Giving credit "for time spent unlawfully incarcerated . . . would not establish that section 3000.1's parole discharge eligibility requirement could be satisfied with such credits." (*Id.* at 38.)

A federal district court in the Eastern District of California, sitting in habeas review, concluded from *Chaudhary* and other cases that "[t]he overwhelming trend is to deny a pending habeas petition as moot if the petitioner is released from prison and § 3000.1 applies." *Rios v. Mendoza-Powers*, No. 2:05-cv-01711-MCE-DAD, 2010 WL 3397417, *2 (Cal. Ct. App. Aug. 27, 2010).[1] The Eastern District's reasoning is persuasive.[2] Petitioner, who has been released from prison and is subject to section 3000.1, cannot use the time spent incarcerated toward his eligibility for the five-year parole discharge opportunity, even if he had been incarcerated unlawfully. Therefore, there is no relief that this Court can provide

---

[1] The Court notes that petitioner and Rios, the petitioner in *Rios v. Mendoz-Powers*, faced different sets of facts. Petitioner had been released from his prison term and had his parole revoked. Rios had not been released from this prison term. He had been granted parole from his prison term by the California Board of Prison Terms, but the Governor reversed that decision. The principle announced in *Rios* is, however, applicable to the instant matter. Both petitioners claim that the clock on their five-year discharge time should start before their parole status was set aside. *Rios*, *Spencer*, and *Chaudhary* make it clear, however, that time spent in incarceration cannot count toward that five-year discharge period. "There is no way to apply 'credits' to a lifetime parole period." *Chaudhary*, 172 Cal.App.4th at 38.

[2] Federal cases holding to the contrary involved inmates who were <u>not</u> subject to section 3000.1's lifetime parole period, that is, those with limited parole terms. *See Martin v. Marshall*, 448 F.Supp.2d 1143 (N.D. Cal. 2006); *Carlin v. Wong*, No. C 06–4145 SI, 2008 WL 3183163 (N.D. Cal. Aug. 4, 2008).

that will affect the duration of his parole. Even if the petition were not moot, and the Court could consider the merits of the petition, the relief it could grant would not push back the five-year period. The sole relief the Court could give is to order the state to conduct a new parole revocation hearing, not set aside the parole revocation decision. Relief then would not ensure speedier release. Also, *Spencer* makes clear that "claims of detriment in a future parole or sentencing proceeding" do not constitute sufficient proof of collateral consequences. *Id.* at 14–16. The petition is therefore moot and is DISMISSED with prejudice.

**CONCLUSION**

Respondent's motion to dismiss the petition as moot (Docket No. 4) is GRANTED. The petition is DISMISSED with prejudice. A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of respondent, terminate Docket No. 4, and close the file.

**IT IS SO ORDERED**.

DATED: February 10, 2015

RICHARD SEEBORG
United States District Judge